GEORGE G. HINK, Appellant, v. H. H. SMITH, Appellee.

**TRIAL:** Directed Verdict—When Permissible—Conflicting Evidence.
1 Verdict should not be directed when the evidence is such as to
(a) support a verdict for plaintiff in some amount, or (b) support a verdict for plaintiff on a contested issue.

PRINCIPLE APPLIED: (a) Plaintiff and defendant dissolved partnership. Plaintiff's evidence showed that defendant had drawn $135 more than his share of the cash; that there were outstanding accounts to about that amount; that defendant agreed to pay plaintiff this $135 as soon as he could collect it. Record showed some collections had been made but plaintiff's evidence showed the agreement to pay the $135 was not conditional on collections being made but was simply an agreement for a reasonable time in which to pay. *Held*, a directed verdict for defendant was erroneous.

PRINCIPLE APPLIED: (b) Plaintiff, the holder of a note, sent the note to a bank for collection. The first bank sent it to a second bank. The second bank turned the note over to its attorneys. The attorneys negotiated with the maker, who claimed insolvency but offered a compromise. The attorneys consulted with the first bank, which bank communicated with plaintiff by phone. Plaintiff testified he refused to authorize a compromise. The bank understood otherwise and authorized the attorney to compromise, which was done. The first bank applied the proceeds on another note due the bank from plaintiff. Plaintiff testified he repudiated this. *Held*, plaintiff had the right to have the jury pass on the authority of the agents to compromise and a directed verdict for defendant was error.

**PLEADING:** Unauthorized Acts of Agent—Ratification—Burden of
2 **Proof.** He who pleads ratification of the unauthorized acts of an agent must establish the ratification.

*Appeal from Woodbury District Court.*—HON DAVID MOULD, Judge.

MONDAY, FEBRUARY 15, 1915.

ACTION at law in two counts. In the first count the plaintiff claimed $135 upon an oral agreement supported by an appropriate consideration. In the second count he claimed a balance due upon a promissory note. The note was for $2,000 with a credit of payment of $1,000 endorsed thereon. At the close of plaintiff's evidence upon motion of defendant, the trial court dismissed the first count of the petition. At the close of all the evidence the court directed a verdict for the defendant. The plaintiff appeals.—*Reversed.*

*C. R. Metcalfe,* for appellant.

No appearance for appellee.

EVANS, J.—I. The causes of action set up in both counts were related to the same general facts. Prior to December, 1909, the defendant Smith was engaged in the livery business at Sioux City. At that time the plaintiff purchased a half interest in the business paying therefor $2,060. The partnership continued nine months when in September, 1910, the plaintiff sold out to Smith. In pursuance of such sale Smith executed his note to the plaintiff for $2,000 due in one year. It is the plaintiff's contention that a $2,000 note was given in payment for the plaintiff's half interest in the livery stock; that the amount of cash and accounts already earned was by oral agreement to be divided between them; that Smith had overdrawn his share of the cash collected by $135; that there were uncollected accounts outstanding to the amount of about $135; that to equalize his overdraft and to cover one-half of the uncollected accounts, Smith agreed to pay plaintiff $135; that he agreed to do so as soon as he could collect it.

This is the agreement involved in the first count. The testimony of the plaintiff thereon was undisputed. It was

1. TRIAL: directed verdict: when permissible: conflicting evidence.

somewhat confused in some of its details but such details were not material. Some stress was laid in the motion to dismiss that the testimony did not show with any certainty what amount was due plaintiff from Smith. This was predicated upon the thought that the agreement was conditional upon the collection of the accounts by Smith and that there was no showing as to how much had been collected by Smith upon the accounts. If the amount of plaintiff's recovery should be deemed as limited to the amount of Smith's collections, it still remained that there was something due the plaintiff. Even then he would be entitled to recover one-half of the amount of Smith's overdraft. But the agreement as testified to was not conditional. The provision for collection was only a stipulation for reasonable time according to the contention of the plaintiff. The plaintiff was clearly entitled to go to the jury upon this count.

II. Turning to the second count there was no issue made upon the execution of the note and its validity. The defense was a plea of settlement for $1,000. Two facts were alleged. as furnishing a sufficient consideration for such settlement, viz.: (1) That Smith was insolvent and (2) that the settlement was made with one Butler, a third party. As to the first fact the evidence of insolvency was very slight indeed. On the other hand there was abundant evidence to justify a finding of solvency. The same remark may be repeated as to a settlement having been made by a third party. For the purpose of obtaining the $1,000 which was paid, Smith borrowed $500 from Butler and gave him security therefor. This is practically Butler's own testimony and the jury could have thus found the fact. The purported settlement was had in fact without the actual knowledge of the plaintiff and with persons who purported to act as his agents. The plaintiff denied the authority of the agents to make such settlement and claimed to have repudiated the same when he learned of it. It appeared that he had sent the note to Baxter Reed & Co. of Ida Grove for collection. They sent it to the Se-

curity Bank of Sioux City. The Security Bank placed it in the hands of their attorneys. Smith represented to the attorneys that he was insolvent and could not pay and these representations were undoubtedly the moving cause which led to a purported settlement. The attorneys consulted with Baxter Reed & Co. Baxter Reed & Co. consulted by phone with the plaintiff. The plaintiff testified that he expressly refused to consent to such settlement. Baxter Reed & Co. understood it otherwise and they directed the attorneys to accept the amount. The amount collected was remitted to Baxter Reed & Co. who applied the amount upon a note held by them against the plaintiff. The attorneys were strangers to the plaintiff and never had any consultation with him. Both

2. PLEADING : unauthorized acts of agent : ratification : burden of proof.

Baxter Reed & Co. and the attorneys at Sioux City undoubtedly acted in good faith on their part. But the question of authority to settle for less than the amount due on the note was nevertheless vital. The testimony of the plaintiff was sufficient to have justified a verdict in his favor on that question. The defendant pleaded ratification but that also was a question of fact for the jury and the affirmative of it was upon the defendant. The plaintiff was clearly entitled to go to the jury on this count also.

For the reasons indicated the judgment below must be—*Reversed.*

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.